IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF,<br><br>v.<br><br>KIM A. EARLYCUTT,<br><br>DEFENDANT. | Criminal Action No.<br>1:17-CR-084-LMM |

**BRIEF IN SUPPORT OF MOTION TO AUTHORIZE
THE U.S. MARSHALS SERVICE TO MAINTAIN, MARKET AND SELL
PROPERTY USING COMMERCIALLY REASONABLE MEANS**

COMES NOW the United States of America and moves this Court to authorize the U. S. Marshals Service to maintain, market and sell real property commonly known as a townhouse located at 2139 Fieldstone View Court, Conyers, Georgia, which is the subject of a Writ of Execution filed on April 10, 2018, using commercially reasonable means, to include contracting with real estate brokers, realtors and vendors. For the reasons below, the government submits that it is appropriate for the Court to enter an order authorizing the U. S. Marshals Service to proceed in this manner.

1

## Factual Background

Defendant pled guilty to conspiracy to commit tax fraud. Significantly, as part of her plea agreement, she agreed to cooperate fully in efforts to collect the restitution. [Doc. 35-1, p. 12, ¶ 25]. On August 24, 2017, this Court sentenced Defendant to one hundred and eight months of incarceration and directed her to pay $5,222,634.00 in restitution. [Doc. 59]. With accrued interest, Defendant's restitution debt presently stands at more than $5,282,976.

In a financial deposition which the U. S. Attorney's Office obtained from Defendant before sentencing, she testified that she bought the townhouse at 2139 Fieldstone View Court, Conyers, Georgia on August 9, 2013. This purchase is reflected by a warranty deed filed in Rockdale County Superior Court, attached hereto as Exhibit A, which shows the property transferring into Defendant's name.

The legal description of the property at 2139 Fieldstone View Court is:

> All that tract or parcel of land lying and being in Land Lot 202 of the 10th District of Rockdale County, Georgia, being part of Lot 13-B, Block C, Unit Three of Fieldstone View Subdivision, as per plat recorded at Plat Book P, Page 74, Rockdale County records and being more particularly described as follows: To find the true point of beginning of

the property herein described, begin at the intersection of the northeasterly right-of-way of Fieldstone View Land (50 foot right-of-way) with the southeasterly right of way of Fieldstone View Court (50 foot right-of-way); running thence northeasterly, southeasterly, easterly and northeasterly as measured along the southeasterly right-of-way of Fieldstone View Court and the southwesterly, southerly and southeasterly right-of-way line of the cul-de-sac of Fieldstone View Court a distance of 694.56 feet to the true point of beginning; running thence from the true point of beginning as thus established South 20 degrees 16 minutes 53 seconds East of distance of 141.85 feet to a point on the southerly property line of lot 13-B; running thence along the southerly property line of lot 13-B North 72 degrees 13 minutes 02 seconds East a distance of 69.38 feet to a point (said point being the southeast corner of lot 13-B); running thence along the northeasterly property line of lot 13-B North 21 degrees 28 minutes 33 seconds West a distance of 181.91 feet to a point (said point being the Northeast corner of lot 13-B); running thence along the northerly property line of lot 13-B degrees 31minutes 27 seconds West a distance of 51.38 feet to a point on the easterly right-of-way of the cul-de-sac of Fieldstone View Court; running thence southerly and southwesterly along the easterly and southeasterly right-of-way of the cul-de-sac of Fieldstone View Court and following the curvature thereof an arc distance of 39.64 feet to the point of beginning; being improved property known as 2139-A Fieldstone View Court, shown on a plat of survey prepared by East Metro Surveyors & Engineers, E.G. Davis R.L.S. No. 2363 dated September 15, 2000.

After the Court entered judgment in this case, on April 10, 2018, the United States filed an Application for Writ of Execution against the property at 2139

Fieldstone View Court. [Doc. 69]. The Court issued the Writ on the same date and service was effectuated on Defendant, the tax commissioner, Joseph Earlycutt (Defendant's brother, who has resided at the property) and the "Earlycutt Family Trust," through its alleged trustee DJ Asante. [Docs. 70, 76, 74, 75, 77; 79]. Defendant claimed exemptions to the execution and requested a hearing. [Docs. 71, 73]. As the government sets forth in its in detail in its Response to Defendant's Claims for Exemption, Defendant's objections to this enforcement action lack merit. [Doc. 78].

Once the Court resolves those issues, it will be appropriate for the Court to enter an order authorizing the USMS to use commercially reasonable means, such as contracting with a real estate professional, to maintain, market and sell the property at issue here.1  As shown below, this procedure would maximize the value in this property and benefit both parties to this case.

## Legal Authorities

Under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §

---

1 The government contends that a hearing is not necessary in this matter, *but see United States v. Gomez*, Case No. 17-14879, 2018 U.S. App. LEXIS 21861 (11th Cir. Aug. 8, 2018).

4

3001, *et. seq.*, criminal restitution orders may be enforced civilly. *See also* 18 U.S.C. § 3613(a). Execution and levy upon real property is one of the post-judgment remedies available to the United States for debt enforcement of restitution obligations. 28 U.S.C. § 3203. Under subsection (a) of that statute, the government can levy against property in which the "judgment debtor has a substantial nonexempt interest." *See* 28 U.S.C. § 3203 (a).

In its Application for Writ of Execution against 2139 Fieldstone View Court, the government indicated that it intended to seek authorization from the Court directing the USMS to maintain, market and sell the property through a professional real estate broker to optimize value, rather than at public auction. Though this mechanism is not explicitly provided for under the statute which applies to execution sales-- 28 U.S.C. § 3203-- the overarching principle regarding sales under this section is that they be conducted in a "commercially reasonable manner." *See* 28 U.S.C. § 3203 (g)(1).

The specific procedures for sales of property are outlined under § 3202(e), entitled "Enforcement of Judgments," which explains that the sale of property to satisfy a judgment may be "by judicial sale, pursuant to sections 2001, 2002, and 2004 or by execution sale pursuant to section 3203(g)." With respect to sales of

realty, 28 U.S.C. § 2001(a) provides that such sales shall be upon the terms and conditions that a court directs. Subsection (b) then instructs that after a hearing, the:

> court may order the sale of such realty or interest or any part thereof a private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interest of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers to appraise properties of different classes or situation in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value.

The other statute which explicitly outlines real property execution sales is 28 U.S.C. § 3203(g)(1)(A)(i). That statute says in effect that property can be sold "for cash at public auction."

Although no other options are specifically outlined for realty execution sales, various other mechanisms under the FDCPA allow for enhancements to the procedures outlined therein. For instance, the introductory section of the FDCPA provides in § 3203 (g) (1) that "[a]n execution sale under this section shall be conducted in a commercially reasonable manner." Moreover, the general provisions of the FDCPA authorize this Court to modify any enforcement procedure outlined under the Act.

6

In fact, 28 U. S. C. § 3013, specifically provides that a court may:

> at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting conditioning, regulating, extending, or modifying the use of any enforcement procedure under this section.

Because a private broker is equipped to maximize the value of this property more effectively than the USMS through the public auction requirements outlined in § 3203 (g)(1)(A)(i), the government submits that this modification of the execution procedures is appropriate in this instance.

Authority under § 3013 may be exercised under a reasonableness standard. In *United States v. Ogburn*, 499 F.Supp.2d 28, 31(D.D.C. 2007), the court noted that it had the authority to modify a writ of garnishment under § 3013 upon a determination of "the most appropriate and reasonable manner" in which to do so. In reaching its decision, the *Ogburn* court stated that the "relevant statutory provisions and the limited case law from other districts both lead to the conclusion that the FDCPA gives courts broad authority to modify the garnishment procedure. . . . " *Id.* at 30.

So here, application of § 3013 to authorize the Marshals Service to contract with a real estate profession to maintain, list, market and sell the property, is

appropriate and reasonable. It will benefit both the debtor and the victim in this case by maximizing value for the payment of the restitution.

Wherefore, the government respectfully requests entry of the accompanying Order authorizing the USMS to maintain, market and sell the townhouse which is the subject of a Writ of Execution filed on April 10, 2018. using commercially reasonable means, to include contracting with real estate brokers, realtors and vendors.   The government further requests that this Court award costs incurred by the USMS in discharging its responsibilities under the order from the proceeds of such sale.

## Conclusion

The Court has the discretion to enter the accompanying proposed order and the United States respectfully asks the Court to do so to.

Respectfully Submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

s/Cynthia B. Smith
CYNTHIA B. SMITH
ASSISTANT U.S. ATTORNEY
GA. BAR NUMBER 655473
600 U.S. Courthouse
75 Ted Turner Dr. SW
Atlanta, GA 30303
(404) 581-6350
Cynthia.smith2@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

s/Cynthia B. Smith
Cynthia B. Smith
Assistant United States Attorney
Georgia Bar No. 655473

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the within and foregoing document, with the United States District Court Clerk using the CM/ECF system which will automatically send email notification to the attorney of record and that I have served the following non-CM/ECF participants, by depositing a copy of same in the United States mail and addressed as follows:

Kim A. Earlycutt
70703-019
Tallahassee Federal Correctional Institution
Inmate Mail/Parcels
501 Capital Circle, NE
Tallahassee, FL 32301

Daniel Conaway
Conaway & Strickler, PC
Suite 3000
75 Fourteenth Street
Atlanta, GA 30309

Margaret Strickler
Conaway & Strickler, PC
Suite 3000
75 Fourteenth Street
Atlanta, GA 30309

D.J. Asante
Trustee for Earlycutt Family Trust
2890 Highway 212
Suite A-293
Conyers, Georgia 30094

Joseph Earlycutt
2139 Fieldstone View Court
Conyers, Georgia 30012

Rockdale County Tax Commissioner-Tisa Smart-Washington
969 Pine Street
Conyers, Georgia 30012

Earlycutt Family Trust-Family Member
70 Natalie Court
Covington, Georgia 30016

This 26th day of September, 2018.

        /s/Cynthia B. Smith
    CYNTHIA B. SMITH
ASSISTANT UNITED STATES ATTORNEY