**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KIM A. EARLYCUTT,               :
    Movant,                       :         CRIMINAL ACTION NO.
                                  :         1:17-CR-0084-1-LMM-JKL
    v.                            :
                                  :         CIVIL ACTION NO.
UNITED STATES OF AMERICA,       :         1:18-CV-4758-LMM-JKL
    Respondent.                   :

## FINAL REPORT, RECOMMENDATION

On June 15, 2017, Movant pled guilty pursuant to a plea agreement to Count 1 of the indictment, which charged Movant with conspiring the defraud the United States government in violation of 18 U.S.C. § 286.  [Doc. 35].  On August 24, 2017, this Court sentenced Movant to a combined 108 months of incarceration to be followed by three years of supervised release.  [Doc. 59].  This Court also required Movant to pay $5,222,634.00 in restitution.  Movant filed an appeal, and on November 7, 2017, the Eleventh Circuit dismissed the appeal for want of prosecution. [Doc. 66].

Movant has now filed a counseled 28 U.S.C. § 2255 motion to vacate her convictions and sentences, [Doc. 81], the Government has filed its response, [Doc. 90], and Movant has filed her reply memorandum, [Doc. 91].  The matter is now before the undersigned for a determination of the § 2255 motion on its merits.  For the

reasons set forth below, the undersigned recommends that the motion to vacate be **GRANTED IN PART**.

## I. Background

As described by the Government and admitted by Movant during her plea hearing, [Doc. 87 at 13-15], Movant, along with at least two coconspirators, obtained identity documents for foreign nationals. She then obtained individual taxpayer identification numbers for those foreign nationals and filed sham income tax returns in the names of the foreign nationals that indicated that the foreign nationals were entitled to refunds. Movant obtained the refunds on prepaid debit cards and then spent the money for her own purposes.

In her § 2255 motion, Movant raises three claims for relief: (1) that trial counsel was ineffective at sentencing by failing to object to the loss amount in the presentence report, (2) that the Court was unreasonable for imposing a sentence above the guideline sentence, and (3) that trial counsel provided ineffective assistance by failing to advise Movant of her appeal rights and failing to appeal the sentence.

## II. Discussion

### A. The Standard for Relief Under § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2)

AO 72A
(Rev.8/82)

the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . [this Court is] entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is Movant's burden to establish her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015).

### B. Ineffective Assistance of Counsel

As discussed below, two of Movant's three grounds for relief raise claims of ineffective assistance of trial counsel. The Sixth Amendment guarantees a defendant the effective assistance of counsel at "critical stages of a criminal proceeding," including when entering a guilty plea. Lafler v. Cooper, 566 U.S. 156, 165 (2012). In order to establish a claim of ineffective assistance, Movant must demonstrate that her attorney rendered deficient performance, meaning that the attorney's performance fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In order to overcome the presumption that counsel rendered

3

reasonable and adequate assistance, Movant must establish that no competent counsel would have taken the action that her counsel took. See Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). She must also demonstrate that her counsel's deficient performance was prejudicial. See Strickland, 466 U.S. at 691-92. The burden of establishing that counsel's deficient performance prejudiced the defense is a high one. Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006); Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). "Under the prejudice prong of Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Sullivan, 459 F.3d at 1109 (quoting Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001)). Rather, to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In evaluating a claim under Strickland, this Court may "dispose of the ineffectiveness claim on either of its two grounds." Atkins v. Singletary, 965 F.2d 952, 959 (11th Cir. 1992); see Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffectiveness claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

AO 72A
(Rev.8/82)

**C. Discussion of Movant's Claims**

**1. Ground One**

In her Ground One, Movant argues that her trial counsel was ineffective for failing to object to the loss amount attributed to her in the presentence report. However, Movant agreed to the loss amount in her plea agreement, and during her plea hearing, the Government recited the fact that, for sentencing purposes, Movant had agreed that the loss amount would be between $3,500,000 and $9,500,000. Movant did not object.

Moreover, Movant's claim that trial counsel failed to properly "investigate and develop mitigating evidence" regarding the loss amount is entirely conclusory. Movant has failed to explain what a "proper" investigation would have revealed, and she has made no showing—by argument or evidence—that the loss amount should have been less. There is thus no basis upon which this Court could find that the loss amount was something less than the $5,222,634.00 determined at sentencing. As Movant herself stated, "[a] defendant who alleges counsel was deficient for failing to investigate 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" [Doc. 81-1 at 9 (quoting United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)]. Movant has fallen far short of this requirement, and the undersigned concludes that Movant has failed to

establish that her trial counsel was ineffective under the Strickland standard discussed above.

### 2. Ground Two

In her Ground Two, Movant contends that this Court erred in departing upward and imposing a sentence that was above the sentencing guidelines calculations. However, the record is very clear that, at the sentencing hearing, Judge Leigh Martin May determined that Movant's offense level was a 30 and her criminal history category was three under the sentencing guidelines. [Doc. 88 at 35]. Based on that calculation, Movant faced a sentence of 121 to 151 months. Id. The statutory maximum sentence was ten years or 120 months, and Judge May sentenced Movant to a sentence of 108 months which was significantly below both the guidelines calculation and the statutory maximum. Id.

Accordingly, Movant's claim that Judge May erred in imposing an above-guidelines sentence is simply wrong. To the degree that Movant challenges Judge May's calculation under the guidelines, she has failed to present any argument that might tend to demonstrate that Judge May erred or that the guidelines calculation should have been different. The undersigned thus concludes that Movant is not entitled to relief with respect to her Ground 2.

AO 72A
(Rev.8/82)

### 3. Ground Three

In her Ground Three Movant contends that trial counsel was ineffective for failing to object to the sentence imposed by Judge May and for failing to properly advise Movant about her appeal rights. As to the first portion of the claim, the record is clear that Movant's trial counsel argued forcefully and ably during the sentencing hearing, and Movant has failed to identify any arguments that trial counsel failed to make or evidence that trial counsel failed to present that would have likely (or even possibly) resulted in a shorter sentence. Accordingly, it is clear that Movant has failed to establish that her trial counsel was ineffective at the sentencing hearing.

With respect to her claim that trial counsel did not advise her about her appeal rights, the record is not entirely clear regarding what happened with respect to Movant's appeal. Trial counsel apparently filed a notice of appeal. However, Movant, who was proceeding pro se, failed to file her transcripts in time, and the Eleventh Circuit dismissed the appeal for want of prosecution.

What is unclear is (1) whether Movant asked her counsel to pursue the appeal and counsel failed to do so and (2) why Movant attempted to represent herself in her appeal when she was entitled to appointed counsel if she was unable to afford to pay her retained counsel. It does appear, however, that Movant wanted to pursue her appeal, and her failure to do so was likely beyond her control. See Evitts v . Lucey,

469 U.S . 387, 396 (1985) ("In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful.  To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a lay person would be hopelessly forbidding.  An unrepresented appellant . . . is unable to protect the vital interests at stake .").

Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental.

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right.  It is a right which is fundamental to the concept of due process of law.  A decision to waive the direct appeal must, therefore, be an informed one.  This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal *in forma pauperis*.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations and quotations omitted).  Moreover, in the more recent case of Thompson v . United States, 481 F.3d 1297 (11th Cir. 2007), the Eleventh Circuit held that a criminal defense attorney has an affirmative duty to meaningfully consult with his client regarding an appeal and to

file an appeal if the client so requests, regardless of the merits of the appeal or whether the attorney believes the appeal has any chance of success.

In <u>Thompson</u>, in response to Thompson's § 2255 claim that he had told his attorney to file an appeal and that the attorney had failed to do so, the district court held a hearing at which Thompson and his attorney testified. The district court found that the attorney's testimony that Thompson did not ask him to file an appeal was more credible than Thompson's testimony to the contrary. <u>Id.</u> at 1299. Nonetheless, the Eleventh Circuit reversed, concluding that the "record is clear that no reasonable effort was made to discover Thompson's informed wishes regarding an appeal." <u>Id.</u> at 1301.

In the instant action, there is no indication that Movant ever waived her appeal rights, and it appears that Movant wanted to pursue her appeal but was unable to do so pro se.[1]  Given the importance that the Eleventh Circuit attaches to a criminal defendant's right to an appeal and the interests of judicial efficiency, the undersigned concludes that the best course is for the Court to use its discretion to grant Movant an opportunity to appeal her convictions and sentences.

---

[1] Judge May did inform Movant that she had a right to an appeal, that she could appeal *in forma pauperis*, and that she had the right to counsel on appeal. [Doc. 88 at 52-53]. However, there is no indication that Movant expressly waived her right to counsel on appeal.

AO 72A
(Rev.8/82)

## III. Certificate of Appealability

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing is made if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (citations and internal quotation marks omitted).

The undersigned recommends that a COA is unwarranted as to those claims for which Movant is not entitled to relief  because the resolution of those claims is not reasonably debatable.  If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion to vacate be **GRANTED IN PART**, but only with respect to her claim

AO 72A
(Rev.8/82)

that her counsel failed to protect her right to an appeal. The undersigned further **RECOMMENDS** that the § 2255 motion be **DEINED** with respect to Movant's other grounds for relief.

To the degree that the Court adopts this recommendation, the undersigned notes that

> [w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v . Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED ,** this 9th day of July, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)