# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KIM A. EARLYCUTT, | : | |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:17-CR-0084-1-LMM |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:18-CV-4758-LMM |
| Respondent. | : | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the pending 28 U.S.C. § 2255 motion to vacate be granted in part and denied in part. [Doc. 95]. Both the Government and Movant have filed objections in response to the R&R. [Doc. 97, 98].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

In the R&R, the Magistrate Judge concludes that Movant's Ground One claim that her trial counsel was ineffective for failing to object to the $5,222,634.00 loss amount attributed to her in the presentence report is unavailing because (1) Movant had agreed to the loss amount in her plea agreement, (2) and her assertion that her trial counsel failed to properly investigate the matter was entirely conclusory because Movant failed to explain what a "proper" investigation would have revealed. The Magistrate Judge next concluded that Movant's Ground Two claim that this Court erred in departing upward in imposing her sentence was simply wrong because this Court's sentence was significantly below the guidelines calculation. Finally, the Magistrate Judge concluded that, with respect to her Ground Three, because it appears that Movant sought to appeal her conviction and/or sentence, and her failure to do so was apparently beyond her control, Movant is entitled to a restoration of her appeal rights.

The Government objects to the Magistrate Judge's statement that there is no indication that Movant ever waived her appeal rights because Movant waived her appeal rights as part of her plea agreement. While the Government is correct, this Court reads the Magistrate Judge's statement to mean that she did nothing to waive the limited appeal rights that she had left after her appeal waiver. In any event, the Government does not object to the Magistrate Judge's recommendation, and this Court

AO 72A
(Rev.8/82)

agrees with the Magistrate Judge that, given the circumstances, Movant is entitled to the restoration of her appeal rights.

In her objections, Movant objects only to the Magistrate Judge's conclusion regarding her claim that trial counsel was ineffective for failing to object to the loss amount. According to Movant, (1) a lower loss amount would have resulted in a shorter sentence, and, (2) she claims, her trial counsel told her that she could challenge the loss amount at a later time. In response to the first objection, Movant is correct, but that does not demonstrate that the Magistrate Judge erred in determining that she is not entitled to relief. As to the second objection, Movant expressly stipulated to the loss amount as a part of her plea agreement and affirmed the loss amount during her plea hearing, which overrides anything that anyone, including her counsel, said to her.

Based on its review of the record in light of the objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 95], is hereby **ADOPTED** as the order of this Court, and the § 2255 is **GRANTED IN PART**, but only with respect to her claim that her counsel failed to protect her right to an appeal, and a restoration of Movant's appeal rights is hereby **GRANTED**. The § 2255 motion is **DENIED** with respect to Movant's other grounds for relief.

AO 72A
(Rev.8/82)

This Court further agrees with the Magistrate Judge that, with respect to her Grounds One and Two, Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) with respect to those two claims.

According to the Eleventh Circuit,

> [w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly, the judgment and sentence entered in this matter as to Kim Earlycutt is hereby **VACATED** and **REIMPOSED** as of the date hereof with credit for all time served and any amounts that may have been paid for restitution and/or special assessment.

Defendant is advised that:

(a) she has the right to an appeal;

(b) if she is unable to pay the cost of an appeal, she may apply for *in forma pauperis* status to pursue the appeal;

(c) if she so requests, the Clerk of this Court will prepare and file a notice of appeal on her behalf;

(d) she has the right to counsel on appeal and, if she cannot afford counsel, an attorney will be appointed to represent her; and

(e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence.

**IT IS SO ORDERED**, this 24th day of September, 2019.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)